IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTORIA DELTITO,** *Plaintiff,* v. **REPUBLIC WESTERN INSURANCE and REPWEST INSURANCE COMPANY,** *Defendants.* | **Case No. 2:24-cv-02781-JDW** |

### MEMORANDUM

Like any agreement, when parties agree to arbitrate a dispute, they must live up to the terms of their agreement because a deal's a deal. But the inverse is also true: No one has to arbitrate a dispute that she didn't agree to arbitrate. Victoria Deltito agreed to arbitrate disputes relating to her employment with U-Haul Co. of Pennsylvania ("U-Haul PA"). She transferred and wound up working for Republic Western Insurance Company or Repwest Insurance Company (collectively, "RepWest"),[1] but she didn't sign a new arbitration agreement. RepWest fired her, and she sued. RepWest seeks to invoke the arbitration agreement that Ms. Deltito signed with U-Haul PA, but it doesn't apply to Ms. Deltito's employment with RepWest, so I will deny the motion.

---

[1] In Defendants' Statement Of Material Facts, the Parties agree that Ms. Deltito transferred to "RepWest," but they define "RepWest" collectively as Republic Western Insurance and Repwest Insurance Company, and they do not specify which entity employed Ms. Deltito. It doesn't matter for my analysis, though.

**I.     BACKGROUND**

U-Haul PA hired Ms. Deltito in 2014. On June 30, 2014, as part of her on-boarding process, Ms. Deltito executed a Notice To Employees About U-Haul's Employment Dispute Resolution Policy (the "EDR"). The first paragraph of the EDR provides:

> It will govern all existing or future disputes between you and U-Haul Co. of Pennsylvania or its parent, subsidiary, sister or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents ("U-Haul") that are related in any way to your employment with U-Haul Co. of Pennsylvania….

(ECF No. 9-3 at 1.) Ms. Deltito worked for U-Haul PA for four years. In 2018, she transferred to RepWest, a corporate affiliate of U-Haul PA.[2] RepWest terminated Ms. Deltito on June 2, 2023.

Ms. Deltito filed this lawsuit on June 26, 2024, asserting a single claim of sex discrimination under Title VII. On September 17, 2024, RepWest moved to compel arbitration. On September 23, 2024, I denied that motion without prejudice to allow for limited discovery regarding arbitrability. On October 4, 2024, RepWest served document requests, interrogatories, and requests for admission on Ms. Deltito. One of RepWest's RFAs asked Ms. Deltito to admit that "the document attached hereto as 'Exhibit A' governs the claims in this Action." (ECF No. 9-5 at 3 (RFA No. 2).) Ms. Deltito did not respond, nor

---

[2]     Defendants submitted a Declaration of Haley Davis to support their assertion that U-Haul PA and RepWest are affiliates. Ms. Deltito disputes that fact but offers no evidence to support her position, so I have disregarded it because, in using a summary judgment standard, mere denials without evidence do not suffice.

did she engage in any discovery of her own. RepWest renewed its motion to compel arbitration on January 17, 2025, and the motion is now ripe.

## II.   LEGAL STANDARD

In ruling on a motion to compel arbitration, a district court must determine whether the defense of arbitrability is apparent on the face of a complaint or whether the resolution of the motion requires the court to consider facts outside the complaint. In the former scenario, the court should apply a standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), whereas in the latter scenario, the court should apply the standard for a motion for summary judgment under Fed. R. Civ. P. 56. *See Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773-74 (3d Cir. 2013). Ms. Deltito's Complaint does not reference the EDR, and RepWest has placed it before the Court as an exhibit – Exhibit A – to their Renewed Motion. Therefore, I consider the Renewed Motion under the summary judgment standard.

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

3

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted).

In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *See Celotex*, 477 U.S. at 323.

### III.   DISCUSSION

#### A.   Merits Of Arbitration Motion

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [the party] has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Before compelling arbitration, "a court must consider two 'gateway' questions: (1) 'whether the parties have a valid arbitration agreement at all' (i.e., its enforceability), and (2) 'whether a concededly binding arbitration clause applies to a certain type of controversy' (i.e., its scope)." *In re Remicade (Direct Purchaser) Antitrust Litig.*, 938 F.3d 515, 519 (3d Cir. 2019) (quotation omitted). If a party seeking to enforce an arbitration agreement proves both elements,

4

then I must order the parties to arbitrate without reviewing the merits of the case. *See Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007).

In this case, the Parties agree that the EDR is a valid and enforceable agreement, so step one is not at issue. As to the second step, the plain language of the EDR defines the agreement's scope. It applies only to "all existing or future disputes … that are related in any way to your employment with U-Haul Co. of Pennsylvania …." (ECF No. 9-3 at 1.) Ms. Deltito's claim does not relate in any way to her employment with U-Haul PA. It relates to her employment with RepWest. It is therefore outside the scope of the arbitration agreement.

RepWest makes two arguments to avoid this outcome, but neither can overcome the plain language of the agreement. *First*, RepWest argues that it is an affiliate of U-Haul, so the arbitration agreement applies to it. But that argument misreads the EDR, which contains two separate elements to its scope. It applies to "all existing or future disputes

[1] between you and U-Haul Co. of Pennsylvania or its parent, subsidiary, sister or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents ("U-Haul") that are

[2] related in any way to your employment with U-Haul Co. of Pennsylvania."

(*Id.*) Reading this language, it's clear that the clause applies to a dispute between the employee and U-Haul Co. PA **or** any affiliate, but **only** if that dispute relates to Ms. Deltito's employment with U-Haul PA. The contractual language says that. And then, to

drive the point home, it defines U-Haul PA and its parents, subsidiaries, and affiliated companies (among others) as "U-Haul" but then describes its scope as applying only to disputes related to employment with "U-Haul Co. of Pennsylvania," not to employment with "U-Haul" more broadly. The choice to use the narrower term "U-Haul Co. of Pennsylvania" demonstrates the Parties' intent to limit the agreement to disputes arising from Ms. Deltito's employment with U-Haul PA, not to employment with RepWest or other affiliates.

RepWest also argues that Ms. Deltito admitted that the EDR's arbitration provision applies to her dispute because she failed to respond to RepWest's RFAs, including RFA No. 2. Federal Rule of Civil Procedure 36(a) permits requests for admission that address "the truth of any matters … relating to [] facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). A party who does not respond to an RFA within 30 days admits the matter that the RFA addresses. *See* Fed. R. Civ. P. 36(a)(3). While RFAs are appropriate for issues of fact and mixed questions of fact and law, they are nor a proper way to evoke legal conclusions. *See In re Valez*, 601 B.R. 351, 359 (Bankr. M.D. Pa. 2019); *see also McCarthy v. Darman*, No. 07-cv-3698, 2008 WL 2468694, *1 (E.D. Pa. June 17, 2008).

"[T]he arbitrability of a dispute is a question of law for the court to determine." *Comrey v. Discovery Financial Svcs., Inc.*, 806 F. Supp.2d 778, 782 (M.D. Pa. 2011). The decision in *Comrey* makes sense, and I find it persuasive, so I will follow it. In contrast, the

cases that RepWest cites regarding unanswered RFAs do not involve questions of arbitrability, so they are not on point. It's possible, of course, that factual predicates might prevent a court from making that determination in the first instance. But in the absence of those circumstances, which aren't issues in this case, the scope of the clause and its application to the claims in a case are issues of law. Therefore, Ms. Deltito's failure to respond to the RFAs turns out not to matter.

One other problem also dooms RepWest's argument about RFA No. 2. RepWest attaches the RFA as Exhibit C to its Renewed Motion. And the RFA asks about the "document attached hereto as 'Exhibit A'...." (ECF No. 9-5 at 3 (RFA No. 2).) But Exhibit C doesn't attach whatever RepWest attached to the RFAs when it served them on Ms. Deltito in discovery. It's likely, of course, that RepWest attached the EDR, which is Exhibit A to its Motion. But there's nothing in the record to close that loop. Instead, I'd have to infer it, and I'm not permitted to draw inferences in RepWest's favor in ruling on its summary judgment motion.

Finally, I note that even if arbitrability of a dispute were not a question of law for a court to decide, I would still decline to enforce the arbitration agreement based on Ms. Deltito's failure to respond to the RFAs. Parties only have to arbitrate the disputes that they have agreed to arbitrate. *See United Steelworkers*, 363 U.S. at 582. Because an arbitration agreement is an agreement to waive a constitutional right, it must be knowing, intelligent, and voluntary. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d

Cir. 2007). Ms. Deltito did not agree to arbitrate disputes about her employment with RepWest, and RepWest cannot use an RFA to expand the scope of the agreement that she entered. In particular, I have no basis to conclude that Ms. Deltito made a knowing, voluntary decision to modify the scope of the EDR based on her lawyer's failure to respond to the RFAs.

### B.     A Word About Plaintiff's Counsel

Lawyers are supposed to put their clients' best foot forward. Ms. Deltito's counsel, Wayne Ely, hasn't. Presumably, a plaintiff like Ms. Deltito has an interest in moving her case forward as expeditiously as possible. When I denied RepWest's initial motion and ordered discovery, that slowed the case down. It didn't have to be that way. Mr. Ely didn't engage in any discovery after I denied RepWest's initial motion. If he didn't think he needed discovery, then he could have contacted RepWest's counsel about stipulating to the key facts or written me a letter to tell me that he didn't intend to take any discovery. Either one would have sped things up.[3]

In addition, Mr. Ely didn't respond to RepWest's RFAs. That's unprofessional. It was also risky. Although it turns out that I'm not deeming RFA No. 2 to have admitted that the EDR applies and requires arbitration, Mr. Ely couldn't know that I would reach that

---

[3]     The positions that Mr. Ely advanced suggest he did need discovery. He disputes that U-Haul PA and RepWest are affiliates, but he didn't try to develop any evidence to support that position. I gave him the opportunity to take discovery to gather the information he needed to make that argument, or at least to confirm RepWest's assertion.

conclusion. If there was even a 1% chance that I would rule otherwise (and there's still a possibility that the Court of Appeals will disagree with me), then all he had to do was serve a short objection that RFA No. 2 seeks a legal conclusion. Given the low cost of serving that objection, it seems likely that the failure to respond to the RFAs was a mistake, not a product of some grand master plan. Mr. Ely, who has many cases in this Court, would do well to conduct himself more professionally going forward.

## IV. CONCLUSION

Ms. Deltito agreed to arbitrate disputes relating to her employment with U-Haul PA, but this case is about Ms. Deltito's employment with RepWest. It is therefore outside the scope of the arbitration agreement; so I will deny RepWest's motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 11, 2025